UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALEXANDER VESEY, (B-51908), <br><br> Plaintiff, <br><br> v. <br><br> JEROME COOMBS, KANKAKEE COUNTY JAIL, et al., <br><br> Defendants. | No. 13 CV 7367 <br><br> Judge Manish S. Shah |

### ORDER

Plaintiff's motion for attorney representation (Dkt. No. 56) is denied without prejudice. Plaintiff's response to Defendants' pending motions for summary judgment shall be filed by April 3, 2015.

### STATEMENT

On February 12, 2015, Plaintiff submitted a renewed motion for attorney representation. In this motion, he indicates that he attempted to retain counsel from the Northwestern MacArthur Justice Center, the American Civil Liberties Union, and the Chicago Legal Clinic Austin Circle Law Center, but did not receive any responses. He also states that he seeks legal representation because "[he] do[esn't] understand the law nor its legal words, furthermore I don't know what a summary judgment is nor how to answer it."

For substantially the same reasons the Court denied Plaintiff's initial request for counsel (*see* Dkt. No. 9), the Court denies Plaintiff's renewed motion for attorney representation. As the Court previously noted in its January 17, 2014 order, there is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc)). If so, the court must examine "whether the difficulty of the case—factually and legally—exceeds

the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question ... is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id.*

The Court has considered the above factors, and finds that the solicitation of counsel is not warranted. Plaintiff states that he has attempted to retain counsel to no avail. He also states that he doesn't understand the law, and is ill-equipped to respond to the pending summary judgment motions. However, Plaintiff has submitted coherent pleadings thus far, and the record suggests that Plaintiff is indeed able to litigate this case. The issues and facts presented in Defendants' pending motions for summary judgment are not complex and it appears that Plaintiff is capable of properly responding to the proposed statements of fact and the merits of the motions. The Court notes that, on February 10, 2015, Defendants Miller and Thomas filed a Notice to *Pro Se* Litigant, pursuant to Local Rule 56.2 (Dkt. No. 46), which explains the nature of a summary judgment motion and sets forth the manner in which Plaintiff must respond in order to defeat Defendants' request. Therefore, Plaintiff's request for attorney representation is denied without prejudice. Plaintiff's response to Defendants' pending motions for summary judgment shall be filed by April 3, 2015.

ENTER:

Date: 3/9/15

Manish S. Shah
U.S. District Judge